# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1895.

---

## Towns v. The State.

### *Indictment for Burglary.*

1. *Witness; evidence affecting credibility; charge thereon.*—Where on the trial of a cause, testimony has been introduced tending to discredit one of the witnesses, it is competent to introduce evidence to support the general credit of such witness; and upon the introduction of such evidence of the witness's reputation for truth and veracity, it is proper, after giving charges, as requested, that evidence of conflicting statements by such witness affected his credibility, to further instruct the jury that, in weighing said witness's testimony, they could consider the evidence of his good character for truth and veracity.

2. *Alibi; burden of proof.*—Where in a criminal case the defense of an *alibi* is interposed, the giving of a charge which instructs the jury "that the burden of proof is on the defendant to establish his *alibi*, and that it must be done to your reasonable satisfaction," may have a tendency to mislead the jury in the absence of a further instruction that if the evidence introduced to support this defense creates in the minds of the jury a reasonable doubt of the defendant's guilt, he is entitled to an acquittal, but the giving of it will not work a reversal unless it is made to appear that the jury was in fact misled thereby; since the misleading tendency of such a charge, if the injury is apprehended, should be cured by the request of an explanatory charge.

3. *Burglary; verdict and judgment when several counts in indictment aver ownership in different persons.*—Where the several counts of an indictment for burglary aver the ownership of the building burglarized and the property taken therefrom in different persons, but each count relates to a single burglary, a conviction upon either count requires the same judgment and sentence as a conviction upon all; and in such case, a general verdict of guilty, without specifying which

count, is sufficient to authorize a judgment of conviction and sentence.

4. *Sixth section of act amending act creating city court of Talladega not unconstitutional.*—The sixth section of the act approved February 13, 1895 (Acts 1894–95, pp. 1218–21), amending the act establishing the city court of Talladega, which provides that the drawing, summoning and empannelling of juries in said city court shall be done in the manner as in the circuit court of Talladega county is not unconstitutional.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

The appellant was indicted, tried and convicted for burglary. The indictment contained three counts. In two of the counts the ownership of the house was laid in Will McClellan. In the other count the ownership of the house was laid in Jennie McClellan. In one count the property alleged to have been stolen from the house was alleged to have been the property of Will McClellan; and in the two other counts the property alleged to have been stolen was alleged to have been the property of Jennie McClellan.

On the trial of the cause, as is shown by the bill of exceptions, Jennie McClellan, as a witness for the State, testified that while away from her house at work in the field near the house, she heard a noise there, and on going back saw the defendant jump out of the window of the house, and that the articles alleged to have been stolen in the indictment were taken therefrom; that the window of the house was broken open, and that she recognized the defendant and his brother as they ran off. This witness was asked on cross examination, if, on the day the house was alleged to have been burglarized, she did not tell one of the persons who came there that one Wallace Elston and Ben Conly broke into the house. This the witness denied. There was other evidence introduced for the State tending to show that the defendant had broken into the house.

The defendant set up the defense of an *alibi*, and his evidence tended to show that at the time of the alleged burglary he was at another place in Talladega county, and was not at said house.

One of the witnesses introduced by the defendant testified that on the day of the burglary the witness Jennie McClellan told him that Wallace Elston and Ben Conly

[Towns v. The State.]

broke into her house.   In rebuttal the State introduced a witness who testified that the character of Jennie Mc-Clellan was good, and that her character for truth and veracity was good.

Among the charges which were given at the request of the defendant was the following : "If the evidence shows that Jennie McClellan has made conflicting statements as to who committed the alleged breaking, you may in connection with all the evidence, consider that fact in determining what weight you will give her evidence."

The court at the request of the State gave to the jury the following written charges, and defendant separately excepted to the court's giving each of them as asked : (1.) "The court charges the jury that the burden of proof is on the defendant to establish his *alabi;* and that it must be done to your reasonable satisfaction." (2.) "The court charges you that you can look at the evidence of the good character of Jennie McClellan for truth and veracity in weighing her testimony in this case."

After the return of the verdict of guilty, the defendant moved the court for an arrest of judgment on the following grounds, among others : (4.) "Because the law under which said grand jury was drawn, summoned and empannelled is unconstitutional." (5.) "Because section 6 of the act amending the act establishing the said court is unconstitutional, in so far as it relates to the drawing, summoning and empannelling of grand and petit juries." (6.) "The verdict which is in the following words : 'We the jury find the defendant guilty as charged in the indictment,' will not sustain a judgment, because the indictment charges the commission of several crimes, and because the ownership of the house alleged to have been broken is laid in two different persons and in different counts, and the ownership of the goods alleged to have been stolen is laid in different persons in different counts." This motion was overruled, and the defendant duly excepted.

CECIL BROWNE, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.—
The first charge which was given by the court at the instance of the solicitor asserted a correct proposition.

Had the charge omitted the word reasonable and only stated to the jury's satisfaction, it would have been erroneous.—*Prince v. State*, 100 Ala. 146.

BRICKELL, C. J.—1. Testimony having been introduced tending to discredit the witness Jennie McClellan, it was competent to introduce evidence to support her general credit as a witness.—1 Green. Ev., § 469; *Lewis v. State*, 35 Ala. 380; *Hadjo v. Gooden*, 13 Ala. 718. Such evidence having been introduced, and on the request of the defendant, the court having given specific instructions, that evidence of her conflicting statements in reference to material facts affected her credibility, it was very proper to instruct the jury that in weighing her testimony, they could consider the evidence of her good character for truth and veracity. The evidence would be of little avail, if not useless, if the jury were not to consider it, in weighing her testimony.

2. In *Prince v. State*, 100 Ala. 146, the trial court had instructed the jury, "that the burden of proof is on the defendant to establish his *alibi*, and this must be done to your satisfaction." Reviewing the instruction, this court said: "The proof exacted of the defendant in this charge to sustain the *alibi*, is too high, in that it omits the word 'reasonable.' If the jury were reasonably satisfied from the evidence, that the defendant was elsewhere, and not at the place where the offense was committed, the burden cast upon him by the law is fully met." Doubtless, it was this expression of opinion, which induced the trial court to give the first instruction requested by the solicitor. But it should have been observed that the court proceeded further and said: "The defense of an *alibi* is as legitimate and effective as any other, and whenever the evidence introduced supports this defense, and its effect is to create a reasonable doubt in the minds of the jury of the defendant's guilt, he is as much entitled to an acquittal, as if the reasonable doubt had been created or produced by any other legitimate evidence. We would not be understood as saying that the jury may disregard other evidence in the case, and consider only that in relation to the *alibi*. The whole evidence should be duly considered and weighed, and if after considering the whole evidence, the jury have a reasonable doubt of the defendant's

[Towns v. The State.]

guilt, arising out of any part of the evidence, they should acquit.'' In *Pelham v. State*, 89 Ala. 28, the trial court had instructed the jury, ''it is the duty of the defendant in proving an *alibi*, to reasonably satisfy the jury that he was elsewhere at the time of the commission of the offense.'' This court said : ''We understand this charge to be simply, that the burden of proof as to an *alibi*, is upon the party who sets up that defense. If the defendant apprehended that the form of the statement iended to mislead the jury, or that they might not understand that the words, 'it is the duty of the defendant,' &c., merely imposed on him the *onus probandi* on this issue, he should have asked an explanatory instruction.''

The instruction we are considering, may be capable of the construction, that a defendant relying on an *alibi*, must prove it, as a party in a civil case must prove a fact on which he relies, by a preponderance of evidence, and unexplained, as it was explained in *Prince v. State*, *supra*, may have had a tendency to mislead the jury. As is very justly said in *People v. Fong Ah Sing*, 64 Cal. 255 : ''Proof of an *alibi* is, therefore, as much of a traverse of the crime charged as any other defense, and proof tending to establish it, though not clear, may nevertheless, with other facts of the case, raise doubt enough to produce an acquittal. A reasonable doubt of the defendant's presence at the time and place necessary for the commission of the crime would seem necessarily to raise a reasonable doubt of his commission of it.'' Instructions having a tendency to mislead the jury, as a general rule, (unless it is plain the jury have been misled, of which we are far from being satisfied in the present case), if injury from them is apprehended, must be cured by the request of explanatory instructions ; they do not of themselves, create reversible error.

The several counts, though laying the ownership of the thing stolen in different persons, manifestly relate to a single burglary. A conviction upon either, required the same judgment and the same sentence as a conviction upon all ; in such case, all that the law requires, is a general verdict.—*Kilgore v. State*, 74 Ala. 1.

The sixth section of the act of February 18th, 1895, entitled ''An act to amend an act to establish a city court for the county of Talladega, approved Feb. 23rd,

1893," (Pamph. Acts, 1894–95, pp. 1218-21), provides, "that the grand and petit juries for said city court shall be drawn, summoned and empanelled in the same manner as is, or may be hereafter, provided by law in respect to grand and petit juries in the circuit court of Talladega county, and the said city court shall have the same power as the circuit court, to issue special venires and call in tales jurors," &c. We regard it as settled by the cases, *Childs v. State*, 97 Ala. 49 ; *Wolfe v. Underwood, Ib.* 375, that there is nothing in this provision offensive to the constitution.

Let the judgment be affirmed.