# Birmingham Railway Light & Power Company *v.* Lee.

*Action for Damages for Assault and Battery.*

(Decided Dec. 19, 1907.   45 So. Rep. 164.)

1. *Trial; Instruction; Effect of Evidence.*—An instruction that if the jury are reasonably satisfied from the evidence of certain facts, which the evidence in the case tended to support, they should find for the plaintiff, is not objectionable as a charge upon the effect of evidence.

2. *Damages; Instruction.*—As the amount of recovery may not go beyond the amount of claim, it is proper to instruct the jury that the damages awarded must not exceed the amount claimed.

3. *Same.*—Under a count for wilful or wanton injury a charge by the court in the following words, "'it comes to you in the nature of a warning, that you shall be careful, that you shall give her ample compensation for the wrong that has been done her, if you find one has been done her," when taken in connection with the other part of the oral charge, is correct.

4. *Trial; Instruction; Form.*—The fact that an instruction which is predicated upon the finding by the jury of certain facts, of which there was evidence, does not begin on the belief of the evidence by the jury, does not render the charge bad; and if misleading it was open to the adversary party to ask an explanation.

5. *Carriers; Ejection of Passengers; Action; Instruction.*—An instruction. in an action for the wrongful ejection of a passenger, which asserts that in assessing damages the jury were authorized, in their best judgment, to award a fair and reasonable compensation for any physical pain or mental suffering that they might believe plaintiff to have suffered, and also as a punishment to the defendant, if they believed such damages should be awarded, was proper.

6. *Same; Damages.*—Where willfullness accompanies the wrongful ejection of a passenger exemplary damages may be awarded.

7. *Trial; Instruction; Misleading Instructions; Singling Out Phases of the Evidence.*—A charge asserting that it was the duty of the jury to so reconcile the testimony of all the witnesses as to arrive at the-

conclusion that they had all told the truth, if such could be done, but if the jury were unable to so reconcile the testimony, they must determine which witnesses had told the truth, and in arriving at such matter might consider the interest of any witness in the trial, was misleading and properly refused.

8. *Carriers; Ejection of Passengers.*—While plaintiff was being wrongfully ejected upon the ground that she had not paid her fare, another passenger offered to pay it for her and she declined to permit it to be done. Held, that fact will not preclude plaintiff from recovering for the injuries and damages suffered by her after her refusal to permit such payment.

APPEAL from Birmingham City Court.

Heard before Hon. Charles A. SENN.

Action by Georgia Lee against the Birmingham Railway, Light & Power Company. From a judgment in favor of plaintiff defendant appeals. Affirmed.

The nature and character of the action and pleadings, the tendencies of the evidence, and the excepted to portions of the court's oral charge are sufficiently stated in the opinion of the court. The seventh assignment is as follows: "The court below erred in charging the jury orally as follows: 'It comes to you in the nature of a warning that you shall be careful that you shall give her ample compensation, ample damages for this wrong that has been done her, if you find one has been done her.'"

The following charges were given at request of plaintiff:

(1) I charge you, gentlemen of the jury, that if you believe from the evidence that the plaintiff paid the conductor ten cents fare from Bessemer to Hillman, then your verdict must be in favor of the plaintiff. (2) I charge you, gentlemen of the jury, that if the plaintiff paid the conductor her fare from Bessemer to Hillman, then the conductor committed an assault and battery upon the plaintiff, for which the defendant is liable in any damages the plaintiff may have suffered, if any, not exceeding the amount claimed in the complaint; and in

assessing damages the jury are authorized, in their best judgment to award a fair and reasonable compensation for any physical pain or mental suffering that the jury believe the plaintiff suffered, and also as a punishment to the defendant, if the jury believe such damages should be awarded."

The court refused the following charges requested by the defendant: (2) General affirmative charge as to second count. Charges 1, 3, 4, and 5 were the affirmative charges as to the other counts. "(6) You cannot award plaintiff any damages in this cause by reason of any miscarriage she may have had. (7) There is no evidence in this case that the conductor's alleged wrong to plaintiff caused or aided in causing plaintiff's miscarriage. (8) It is the duty of the jury to so reconcile the testimony of all the witnesses as to arrive at the conclusion that they have all told the truth, if such can be done. If the jury are unable to so reconcile the testimony, they must determine which witnesses have told the truth, and in determining which witnesses have told the truth you may consider what interest, if any, such witnesses may have in the result of the trial. (9) If you are reasonably satisfied from the evidence in the case that before any injury and damages were suffered by the plaintiff another person on the car offered to pay her fare, and plaintiff prevented or refused to allow such person to pay said fare, and that the conductor was ready and willing to accept such fare from such person and permit plaintiff to continue on her journey, and further believe from the evidence that all the injury and damage suffered by plaintiff arose after her refusal to allow such person to pay her fare, then she can be awarded only such damages as were sustained by her prior to the offer to pay her fare by such person."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in giving charge 2 at plaintiff's request. —13 Cyc. 180; *Conner v. Sewell*, 90 Tex. 275; *Burns v. Campbell*, 71 Ala. The affirmative charge as to the 2nd count should have been given. Charges 6 and 7 requested by the defendant should have been given.—*Lutz v. Louisville Ry. Co.*, 48 S. W. 1080; *Bodkin v. Cassidy*, 106 Ia. 334. The court erred in refusing charges 8 and 9.—Watson on Personal Injuries, 227; *Trinity R. R. Co. v. O'Brien*, 46 S. W. 389; *Barbour v. R. R. Co.*, 26 S. E. 50. Counsel discuss other assignments of error, but cite no authority.

W. S. LEWIS, and J. M. RUSSELL, for appellee. As to the duty of carriers to passengers see the following authorities.—*Bir. R. & E. Co. v. Mason*, 137 Ala. 342; *Bir. R. & E. Co. v. Baird*, 130 Ala. 334. The court properly refused charge 8 requested by defendant.—*Hill v. Rush*, 22 Ala. 563; *Bynum v. Southern P. N P. Co.*, 63 Ala. 465; *Savery v. Moore*, 71 Ala. 240; *Hogan v. The State*, 130 Ala. 105; *Lyde v. The State*, 133 Ala. 64.

HARALSON, J.—The plaintiff, appellee, recovered a judgment for $300 against the defendant, the Birmingham Railway, Light & Power Company, for wrongful assault alleged to have been committed upon her by defendant's conductor, while plaintiff was a passenger on one of defendant's electric cars which ran from Bessemer to Birmingham.

The contention of the plaintiff is, that she boarded one of defendant's cars at Bessemer and paid the conductor the 10 cent fare to be carried as a passenger to a station called Hillman. She states, that she gave the conductor a 50 cent piece in silver, and he gave her back a quarter, a dime and a nickel, leaving 10 cents she paid

him as fare to Hillman, which was the regular fare to that station.

The defendant's contention is, that plaintiff only paid 5 cents, the regular fare to Brown's, a station between Bessemer and Hillman. After the car reached Brown's the conductor sought to collect an additional 5 cent fare from Brown's to Hillman. A dispute arose between her and him, plaintiff insisting that she paid 10 cents, and the conductor, that she had only paid him 5 cents; and the conductor stopped the car and told plaintiff that she would have to pay the 5 cents or get off the train. She refused to pay it, and the conductor took hold of her, and when it became evident he was going to eject her from the car, a fellow passenger offered to pay her fare, when she told him not to do so, but the passenger paid it. The conductor, before this, took hold of her, as she testified, and dragged her to the door, inflicting on her serious personal injuries, which ended in her miscarriage soon afterwards, the plaintiff being pregnant at the time.

There was much dispute as to the amount of injuries she sustained, the evidence for plaintiff being, that she suffered great bodily harm, and that of defendant, that no such serious injuries were sustained, and that the conductor did nothing more than was necessary to eject her.

The complaint contained four counts, the first, third, and fourth, for a wrongful assault by the conductor, setting out the injuries she sustained; and the second, for wrongful, willful and intentional injuries inflicted on plaintiff.

Demurrers were interposed to the several counts, which were overruled. The defendant commendably admits these counts were good, and declines to insist on assignments of error for overruling same.

[Birmingham Railway Light & Power Company v. Lee.]

The case was tried on the plea of the general issue and special plea No. 2, of which plaintiff had the benefit, under the plea of the general issue.

We have examined the oral charge of the court to the jury. The defendant excepted to that portion of it as follows: "If you are reasonably satisfied from this evidence, that she paid this ten-cent fare, then a wrong was inflicted upon her in attempting to put her off before she got to the end of her journey. It was a wrongful ejection or attempted ejection, and for that wrong she would be entitled to damages against the company." This was not a charge, as insisted, on the effect of the evidence. The instruction was under hypothesis, "if the jury was reasonably satisfied, from the evidence, that she paid the 10-cent fare," etc. The exception to the charge was hypercritical, and taken in connection with the entire charge, the instruction seems to have been eminently correct.

Nor was there any error, in that part of the court's instruction, in its oral charge: "Of course she sues for $10,000, and cannot recover more than that." It is always proper for the court to instruct, that the jury cannot in awarding damages go beyond the amount claimed in the complaint. Moreover, the sentence from which this excepted portion was taken, contains more than is excepted to, showing that the charge was very correct.

The same remarks are applicable to that portion of the oral charge, the basis of assignment of error No. 7.

There was no error in plaintiff's given charge No. 1. It was under hypothesis on conflicting evidence, which was for the determination of the jury, as the charge left it.

Nor was there error in given charge No. 2, for plaintiff. The fact that the opening of the charge is not

predicated on "the belief of the evidence by the jury," is no argument against its validity. If without this the charge was deemed misleading, it was open to the defendant to ask an explanatory charge.—*Hall v. Posey,* 79 Ala. 84.

The instructions as to the amount of damages mentioned in the charge were not improper. The second count was for willfulness, which there was evidence tending to show, and the jury were authorized under it, to assess exemplary damages, if they saw proper.—13 Cyc. 180. There was evidence tending to show wantonnenss or willfulness, and charge 2 for defendant was properly refused.

Charges 6 and 7 for defendant were in direct opposition to evidence tending to show that plaintiff miscarried on account of the injuries inflicted on her. The plaintiff so swore, and other evidence corroborated her. They were properly refused.

Charge 8 was an improper instruction. It was misleading, and singled out and stressed a particular phase of the evidence. The jury were not necessarily to determine which of the witnesses told the truth, and which swore falsely. Some of them may have sworn incorrectly, without being amenable to the charge of having sworn falsely. To tell the jury they must ascertain which of them "told the truth," was too exacting an instruction, and did not leave the jury at liberty to give due weight to their evidence, and to reject it, if they thought it erroneous as being incorrect, though not technically false.

"When there is conflict in the testimony of two witnesses which cannot be reconciled, regard must be had, in determining which one is mistaken, to the capacity of the witnesses, their respective opportunities of knowing the facts to which they depose, and the nature of the

facts deposed to, as calculated to impress themselves with more or less force on the memory."—*Hitt v. Rush,* 22 Ala. 563; *Cain v. Penix,* 29 Ala. 374; *Bugbee v. How-ard,* 32 Ala. 718; *Collins v. Stephens,* 58 Ala. 545; 5 Mayfield, 264, § 30.

There was no merit in refused charge 9. If plaintiff had paid her fare to Hillman, an assault and battery, under the undisputed evidence, had been committed on her, before an outsider offered to pay her fare. More-over, plaintiff had the right to refuse to allow this other person to pay her fare. Such payment by her consent, would have been an acknowledgment that she had not paid it, and the conductor was entitled to it, and in such case, she would have been in duty bound to refund it to this outsider. The charge was improper and mis-leading.

Finding no error, let the judgment below be affirmed. Affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.