# Stallworth *v.* The State.

## *Murder.*

### (Decided April 23, 1908. 46 South. 518.)

1. *Indictment and Information; Clerical Mistake.*—The omission of the syllable "ed" from the word "killed" and of the word, "is" from an indictment for murder, are clerical mistakes which are self correcting, and such indictment is not open to demurrer.

2. *Criminal Law; Instructions; Form of Request.*—An oral request for the general affirmative charge does not present for consideration on appeal the question as to whether or not such charge should have been given.

3. *Same; Instructions.*—Charges asserting that the only foundation for the verdict of guilt is that the jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that defendant is guilty as charged in .the indictment and that if the prosecution has failed to furnish such measure of proof and to so impress the minds of the jury with defendant's guilt, they should acquit, are properly refused, since the conviction should be had upon the whole evidence in the case.

[Stallworth v. The State.]

4. *Homicide; Trial; Instruction.*—Where, under the issues made by the pleading and evidence neither an assault and battery nor an assault with intent to murder are involved, charges authorizing a verdict for either of such offenses are abstract and properly refused.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Jack Stallworth was convicted of murder, and appeals. Affirmed.

The indictment reads that Jack Stallworth "unlawfully and with malice aforethought kill a negro man whose name to the grand jury unknown by shooting him with a pistol,". etc. Demurrers raised the question of the insufficiency of the indictment on account of the use of the word "kill," instead of the word "killed," and the omission of the word "is."

Charge 5, refused to defendant, is as follows: "The only foundation for a verdict of guilt in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and of the prosecution has failed to furnish such measure of proof and to so impress the minds of the jury with his guilt they should find him not guilty."

Other charges so refused are: "(7) There may be an attempt without an intent to murder, and therefore, if the jury find from the evidence that there was an attempt without an intent, then they can bring in the verdict for assault and battery. (8) The facts must raise the presumption of an intent to murder, and if the jury find that the state has failed in this then they must acquit the defendant of assault with intent to murder."

S. H. GILLIS, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—The demurrer to the indictment was properly overruled.—*Johnson v. The State,* 152 Ala. 46. The oral request for the affirmative charge cannot be reviewed.— *Dannelly v. The State,* 130 Ala. 132. Written charge 1 was properly refused.—*Winter v. The State,* 90 Ala. 638. Charge 5 was properly refused.—*Brown v. The State,* 118 Ala. 111. There was no evidence in the case upon which to find the defendant guilty of assault and battery.

SIMPSON, J.—The appellant was convicted of the crime of murder. The demurrer to the indictment was properly overruled. The charge in the indictment that the defendant "kill" the deceased is so plainly a clerical mistake in leaving off "ed" that it is self-correcting; and so, also is the omission of the word "is" in the usual formula, "whose name is to the grand jury unknown."

The oral request for the general charge, of course, could not be considered. *Dannelley v. State,* 130 Ala. 132, 30 South. 452. There was no error in refusing to give the general charge in favor of the defendant.

Charge 5, requested by the defendant, besides being defective in having the word "of" where there should have been an "if" is also bad because it bases a failure to convict solely on the evidence produced by the prosecution; whereas, there may have been evidence produced by the defendant which may have been sufficient to authorize a conviction. Hence the court cannot be placed in error for refusing to give this charge.

Without mentioning other insufficiencies, charges 7 and 8 were properly refused, for the reason that neither assault and battery nor assault with intent to commit murder was involved in this case.

There being no error apparent on the record, the judgment of the court is affirmed.

Affirmed.

[Millender v. The State.]

Tyson, C. J. and Dowdell and Anderson, JJ., concur.