# McVay *v.* Frank S. White & Sons.

## *Assumpsit.*

(Decided Nov. 25, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 344.)

*Trial; Instruction; Ignoring Issues.*—Charges which assert that if the wife is responsible for the attorney's fees, defendant would not be liable for it, and if plaintiff was employed to defend the wife and accepted the employment before the husband promised to pay the fee, plaintiff could not recover of defendant, were abstract and outside of the issues, where the evidence showed that the services were rendered the wife, based upon an original promise of defendant to pay, and the only matter at issue was whether such promise was made.

[McVay v. Frank S. White & Sons.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Frank S. White & Sons against W. R. McVay. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are sufficiently stated in the opinion of the court. The charges therein referred to are as follows: "(2) If the jury believe from the evidence that Mrs. McVay was responsible for the attorney's fee for defending her, defendant would not be liable for said fee. (3) If the jury believe from the evidence that plaintiff was employed to defend Mrs. McVay, and accepted said employment before defendant made any promise to pay said fee, plaintiffs could not recover of defendant in this case."

ALLEN & BELL, for appellant. A trustee in bankruptcy is the proper person to prosecute or defend this suit on appeal.—Loveman on Bankruptcy, (3rd Ed.) 429; 12 Wall. 379; 47 Mass. 280; 58 N. Y. 67; 7 Cold. 137. If any credit was given to Mrs. McVay for whose benefit the alleged promise was made, it is within the statute of frauds.—Strauss v. Elting, 110 Ala. 132; Webb. v. Lumber Co., 101 Ala. 630; Pake v. Wilson, 127 Ala. 240; Fuller v. Gray, 124 Ala. 388. Both the promise to pay the debt of another, and the consideration must be in writing; failure as to either is fatal.— White v. White, 107 Ala. 417; Bolling v. Munchus, 65 Ala. 558; Foster v. Napier, 74 Ala. 393. If no consideration for the agreement to pay the debt of another or promise is expressed in writing, such contract or agreement is void, parol evidence is not permissible to show consideration.—Lindsey v. McRee, 116 Ala. 542. Every special promise to answer for the debt, default or miscarriage of another is void, unless in writing or unless some note or memorandum thereof, expressing the con-

sideration is in writing and subscribed by the party to be charged therewith, or by some other person by him thereto lawfully authorized in writing.—Code of Alabama 1907 § 4289 sub. div. 3; *Jordan v. Garnett,* 3 Ala. 610; *Milton v. DeYampert,* 3 Ala. 648; *Martin v. Black,* 20 Ala. 309; *Rollinsworth v. Martin,* 23 Ala. 591; *Rigby v. Norwood,* 34 Aya. 129; *Boykin v. Dohlande,* 37 Ala. 577. Such a promise must not only be in writing, but must also be founded upon a valuable consideration.—*Thompson v. Rall,* 16 Ala. 204; *Files v. McLeod,* 14 Ala. 611; *Beall v. Ridgeway,* 18 Ala. 117; *Rutledge v. Townsend,* 38 Ala. 706; *Watson v. Reynolds,* 54 Ala. 191; *Underwood v. Lovelace,* 61 Ala. 155; *Clark v. Jones,* 85 Ala. 127; *Reid v. Rowan,* 107 Ala. 366. The written charge given for the plaintiff that "the undisputed evidence In this case is that the fee of one hundred and fifty dollars charged, was a reasonable one" invaded the province of the jury and was a charge upon the effect of the evidence.—*Mayer v. Thompson-Hutchenson Co.,* 116 Ala. 635 *Stanley v. Nelson,* 28 Ala. 514; *Rollinsworth v. Martin,* 23 Ala. 591; *Dill v. State,* 25 Ala. 15; *Scott v. State,* 110 Ala. 48; *Crutcher v. M. & C. R. R. Co.,* 38 Ala. 579; *MsAlpines Case,* 80 Ala. 73.

FRANK S. WHITE & SONS, pro se. If the record shows no action of the court below upon the bankruptcy suggestion, then the Supreme Court can take no cognizance of it.—*Riggs v. White,* 51 Tenn. 503; *Ward v. Tunstall,* 61 Tenn. 319; *Knapp v. Anniston,* 71 N. Y. App. 466. The copying of the charge in the transcript without setting it out in the bill of exceptions is not sufficient.—*Southern Ry. Co. v. Lynn,* 128 Ala. 304; *Knuckels v. The State,* 109 Ala. 4; *Ala. Const. Co. v. Wagon Co.,* 137 Ala. 391.

[McVay. v. Frank S. White & Sons.]

DENSON, J.—This action is one in assumpsit, by the plaintiffs against the defendant, to recover the value of services rendered as attorneys at law in and about securing the discharge of defendant's wife from criminal charges lodged against her. Among other defenses interposed the defendant pleaded the statute of frauds as prescribed by subdivision 3 of section 4289 of the Code of 1907.

There is no conflict in the evidence in respect to the rendition of the services by the plaintiffs, nor as to their value. The bill of exceptions sets out all of the evidence, and in the view we take of it there is absolutely no foundation therein upon which to predicate charges 2 and 3, requested by the defendant. The plaintiffs' cause of action, according to the evidence, rests upon an original promise of the defendant. He denied making it, and the only question in the case for submission to the jury was whether the promise was made. Charges 2 and 3, requested by the defendant, are abstract; and charge 1 is an invasion of the province of the jury. All of them were well refused.

Appellant's counsel, in his brief, complains of a charge which he says was given at the request of the plaintiffs; but the bill of exceptions fails to disclose any charge given at plaintiffs' request.

We have discussed all the assignments of error insisted upon in appellant's brief; and having determined them against him, the judgment of the trial will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and McCLELLAN, JJ., concur.