## CLEVELAND v. STATE. (1 Div. 591.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 13, 1925.)

**1. Conspiracy ⬤⟹47—Need not be proven by positive and affirmative testimony.**

Conspiracy need not be proven by positive or affirmative testimony, nor need it be shown that there was prearrangement to do specific criminal act complained of.

**2. Conspiracy ⬤⟹41—Conspirators responsible for everything proximately resulting from conspiracy.**

If two or more persons enter on an unlawful undertaking, with common purpose to assist each other in whatever may grow out of their enterprise, each is responsible for everything which may consequently and proximately result from such unlawful purpose, whether it be specifically contemplated or not, and whether it be perpetrated by all or by less than all of conspirators.

**3. Conspiracy ⬤⟹47—May be inferred from conduct of conspirators.**

Conspiracy may be inferred from conduct of conspirators.

**4. Conspiracy ⬤⟹40—All who assemble with intent to commit wrongful act responsible for incident crimes.**

All who assemble themselves together with intent to commit a wrongful act, execution of which renders it probable that a crime not specifically designated may result, are each responsible for such incidental crimes.

**5. Homicide ⬤⟹30(1) — Persons agreeing to stand by one another with intent to resist to death of all who oppose them, equally liable as principals, if murder committed.**

Where several persons agree to stand by one another in a breach of peace, with general intent to resist to death all who oppose them in execution of their design, and a murder is committed, all are equally liable as principals.

**6. Homicide ⬤⟹18(1) — Defendant guilty of murder, where deceased killed by one of a number banding together for purpose of chastising deceased.**

If defendant by an agreement with others sought a difficulty with deceased for purpose of chastising him, and he and his companions armed themselves with weapons, and such weapons were used by any one of alleged conspirators, and deceased was thereby killed in pursuance of such purpose, then it would be murder.

**7. Homicide ⬤⟹249—Proof of express agreement between alleged conspirators, one of whom killed deceased, unnecessary.**

Where theory of murder prosecution was alleged conspiracy between defendant and others to assault deceased, it was unnecessary for state to prove any express agreement on part of defendant to attack deceased or to kill him.

**8. Homicide ⬤⟹30(1)—Defendant aiding and abetting others in attacking deceased may be held originally responsible for resulting homicide.**

Where theory of murder prosecution was based on alleged conspiracy between defendant and others to attack deceased, presence of defendant, aiding and abetting others in attack on deceased, would justify jury in holding defendant criminally responsible for homicide, which resulted in death of deceased.

**9. Homicide ⬤⟹276—Whether deceased killed by alleged conspirators in self-defense for jury.**

Where theory of murder prosecution was based on alleged conspiracy between defendant and others to attack deceased, question whether or not deceased was killed in self-defense was for jury.

**10. Criminal law ⬤⟹1172(6)—Charging a correct proposition of law not error, though not strictly applicable, unless misleading.**

A trial court will not be put in error for charging a correct principle of law, though it might not be strictly applicable to case on trial, unless natural tendency of such charge is to mislead jury.

**11. Criminal law ⬤⟹351(8)—Evidence of accused's attempt to coach state's witness admissible.**

Evidence of attempt on part of accused to coach state's witness, which statements of accused were voluntary and did not relate to a confession, was admissible.

**12. Witnesses ⬤⟹396(1)—Witness shown to have made contradictory statements may explain such conflict.**

Where state's witness admitted that she had sworn differently on different trials, she was properly permitted to explain such conflict or contradictory statements.

**13. Criminal law ⬤⟹829(1)—Requested charges covered by court's oral and written charges properly refused.**

Requested charges, which were fully covered by oral and written charges of court, were properly refused.

**14. Criminal law ⬤⟹815(1)—Requested charges directing acquittal on failure of proof to establish one theory of prosecution properly refused.**

Defendant's requested charges, which direct an acquittal of defendant on failure of proof to establish one of two theories on which prosecution was based, were properly refused.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Criminal law ☞763, 764(3, 4)—Requested charges, that there was no evidence of particular fact, properly refused.**

Defendant's requested charges, which sought to charge jury that there was no evidence of particular fact in the case, were properly refused.

**16. Criminal law ☞811(1)—Requested charges singling out parts of evidence properly refused.**

Defendant's requested charges, which singled out parts of evidence, thereby giving undue prominence thereto, were properly refused.

**17. Criminal law ☞815(1)—Requested charges ignoring certain issues or predicating acquittal on one issue alone properly refused.**

Defendant's requested charges, which ignored certain issues or predicated acquittal on one issue alone, when defendant might be found guilty on other issues, were properly refused.

**18. Criminal law ☞815(1)—Requested charges ignoring effect of certain parts of evidence properly refused.**

Defendant's requested charges, which wholly ignored effect of certain parts of evidence, were properly refused.

**19. Criminal law ☞878(2)—Jury may return verdict of guilty, without specifying each count.**

Where defendant was prosecuted for murder under several counts, it was not necessary that court should require jury to specify under which count they found defendant guilty, as jury had right to return a general verdict of guilty, without specifying as to each count.

**20. Criminal law ☞878(2)—General verdict under indictment charging several offenses sustained, if punishment not greater than imposed for one offense.**

A general verdict under an indictment charging several offenses will be sustained, if sentence or punishment is not greater than imposed for one offense.

**21. Indictment and information ☞203—General verdict of guilty referred to good count.**

If an indictment contains two or more counts, one of which is sufficient, and a general verdict of guilty is returned, it will be referred to the good count.

**22. Criminal law ☞878(2)—General verdict under indictment containing several counts sustained, when only one offense alleged.**

A general verdict under an indictment containing several counts is good, where there is but one offense alleged.

Appeal from Circuit Court, Mobile County; Ben D. Turner, Judge.

John G., alias Jack, Cleveland was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Cleveland, 212 Ala. 635, 103 So. 711. See, also, 19 Ala. App. 695, 99 So. 927.

Harry T. Smith & Caffey, of Mobile, for appellant.

No man can be criminally responsible for doing an unlawful act which is not criminal. 8 Words and Phrases, 178; State v. Dorsey, 118 Ind. 167, 20 N. E. 777, 10 Am. St. Rep. 111; U. S. v. O'Connor (D. C.) 31 F. 449; Cortelyou v. Johnson & Co. (C. C.) 138 F. 110; McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Williams v. State, 81 Ala. 1; Tanner v. State, 92 Ala. 1, 9 So. 613; Morris v. State, 146 Ala. 66, 41 So. 274; Jones v. State, 174 Ala. 53, 57 So. 31. Language used by appellate courts in opinions and by text-writers may be wholly unsuited to the purpose of instructing juries. C. of G. v. Stephenson, 189 Ala. 553, 66 So. 495; B. R., L. & P. Co. v. Barrett, 4 Ala. App. 347, 58 So. 760; Bell v. State, 2 Ala. App. 155, 56 So. 842. The fact that defendant requested a witness to be as light on him as possible was irrelevant. Wilson v. State, 84 Ala. 426, 4 So. 383. A confession is inadmissible without a proper predicate. Wasserleben v. State, 184 Ala. 2, 63 So. 520; McGehee v. State, 171 Ala. 22, 55 So. 159; Shelton v. State, 144 Ala. 111, 42 So. 30. The jury should have been instructed that it was necessary that the whole jury be satisfied that defendant was guilty under some one count of the indictment. Comm. v. Carey, 103 Mass. 214; State v. Overbey, 127 N. C. 514, 37 S. E. 148; Hudson v. People, 29 Ill. App. 454; U. S. v. Furlong, 18 U. S. (5 Wheat.) 184, 5 L. Ed. 64; Watkins v. State, 37 Ark. 370.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Oral charges must be considered as a whole. Youngblood v. State, 19 Ala. App. 561, 100 So. 87; Whittle v. State, 205 Ala. 639, 89 So. 43; Bell v. State, 17 Ala. App. 399, 86 So. 139. The conversation between defendant and witness Delchamps did not involve a confession, and was properly admitted. Murdock v. State, 68 Ala. 567; Fincher v. State, 211 Ala. 388, 100 So. 657. It was not necessary that the verdict be referred to any one count. 4 Michie's Ala. Dig. 482; Jurzak v. State, 19 Ala. App. 290, 97 So. 178.

BRICKEN, P. J. Appellant, John G. Cleveland, alias Jack Cleveland, was convicted of murder in the second degree in the circuit court of Mobile county. The indictment contained four counts. Each was in statutory form, and each charged appellant with killing Stephen Lossing. The first charged the killing to be done by shooting deceased with a gun; the second by striking him with a spade; the third by striking him with a baseball bat; and the fourth by striking him with some blunt instrument, a more particular description of which was unknown

to the grand jury. The court gave the affirmative charge for the defendant as to the second and third counts. The verdict of the jury was in the following form:

"We, the jury, find the defendant guilty of murder in the second degree and that he suffer imprisonment in the penitentiary for 15 years."

The prosecution was had upon two theories: One that the appellant killed deceased by his own act; the second that the deceased was killed by another and under circumstances that made the appellant guilty as a conspirator. The record in this case is rather voluminous for a criminal case. Much testimony was introduced by the state and by the defense. Many objections were interposed and exceptions reserved as to the testimony offered and received, and some exceptions reserved to the oral charge of the court, and a great number of requested charges were given at the request of the defendant, and quite a number so requested were refused. More than 100 written charges were requested by the defendant, most of which were given, but many refused. The case has been well and fully argued by very able counsel for appellant. The brief evidences great labor as well as skill and ability of counsel. Nearly all of the rulings adverse to appellant have been ably and fully argued by counsel for appellant. It is unnecessary to attempt to review the testimony. It is sufficient to say that the testimony was ample to justify the court in submitting the question of the guilt or innocence of the defendant to the jury under each count of the indictment. The evidence was also ample to require the court to submit to the jury the question as to whether or not there was a conspiracy to kill the deceased, and as to whether or not the defendant was a party to that conspiracy. We have studied and analyzed the evidence as carefully as we could, and have done so with the aid of able and ample brief on the part of counsel for appellant, as well as the brief of the Attorney General in behalf of the state, and after such consideration we have no hesitancy in affirming that the trial court committed no error in submitting the case to the jury under both counts of the indictment upon which the trial was had, and that there was ample testimony to require the court to submit to the jury the question as to whether or not the defendant was guilty as charged by reason of being a conspirator or accessory to the crime charged.

[1-6] Counsel for appellant insist most strenuously that the trial court committed error in defining a conspiracy in the failure to make a distinction or discrimination between an "unlawful" act and a "criminal" act. We have examined the authorities cited and have considered the argument of counsel upon this point, and we are satisfied that the court committed no reversible error in its definition to the jury of a criminal conspiracy. While separate phrases or separate sentences might be considered to be incomplete or possibly erroneous, when the charge or instruction of the court to the jury as a whole upon this subject is considered, it is perfectly clear that there was no reversible error committed by the trial court in its definition of a criminal conspiracy. In fact, the charge or instruction of the court, considering its oral and written charges together, was even more favorable to the accused than he had a right to demand. It is not necessary that a conspiracy should be proven by positive or affirmative testimony, nor is it necessary that it be shown that there was prearrangement to do the specific criminal act complained of. If two or more persons enter upon an unlawful undertaking with the common purpose to assist or encourage each other in whatever may grow out of or result from the enterprise upon which they have entered, each is responsible, both civilly and criminally, for everything which may consequently and proximately result from such unlawful purpose, whether it be specifically contemplated or agreed upon or not, and are liable whether it actually be perpetrated by all or by less than all of the conspirators. Conspiracy may be inferred from the conduct of the conspirators. All those who assemble themselves together, with the intent to commit a wrongful act, the execution of which renders it probable in the nature of things that a crime not specifically designated may result, but incidentally to that which was the object or purpose of the confederacy, are each responsible for such incidental crime; and where several persons agree to stand by one another in a breach of the peace, with the general intent to resist to the death all who oppose them in the execution of their design, if murder is committed, all are equally principals in the murder. Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Williams v. State, 81 Ala. 1, 1 So. 179; Jordan v. State, 79 Ala. 9. There can be no doubt that, if the defendant, by an agreement or understanding with others, sought a difficulty with the deceased for the purpose of chastising or beating him or having a personal difficulty with him, and in pursuance of such purpose armed themselves with weapons to be used in the event it became necessary, and such weapons were used by any one of the alleged conspirators and the deceased was thereby killed, in pursuance of such purpose, then this would be murder. There was ample evidence tending to show such a conspiracy on the part of the defendant and from which the jury were authorized to infer a common design at least to assault the deceased. There was ample evidence to submit to the jury the criminal responsibility of the defendant for the acts

·of others in the prosecution of the design for which they were combined, or which the evidence tended to show. Williams v. State, 81 Ala. 1, 1 So. 179.

[7-10] It was unnecessary for the state to prove any express agreement on the part of the defendant or the defendants to attack the deceased or to kill him. There was ample evidence to justify the jury in finding an implied understanding established in part by direct, positive, and in part by circumstantial evidence. The presence of this defendant, aiding, abetting, and encouraging others in an attack upon the deceased and other persons at his house, might justify the jury in holding him criminally responsible for the homicide, which resulted in the death of the deceased. Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Williams v. State, 81 Ala. 2, 1 So. 179. The charges and instructions of the court upon this theory of the case seem to be free from reversible error. Amos v. State, 83 Ala. 1, 3 So. 749, 3 Am. St. Rep. 682; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96. There was certainly testimony in this record to authorize the jury to find that the defendant, in conjunction with others, entered into a conspiracy to do a criminal act, and that, in pursuance of that common design, the deceased was killed in his own house, and that he was not killed in self-defense. As to whether or not the deceased was killed in self-defense was certainly a question for the jury, even if the evidence was not sufficient to show as matter of law that the defendant and his associates ·could not set up self-defense, because they went to the house of deceased armed, and went there for an unlawful purpose. Counsel for appellant in their brief concede that the language used by the court has been justified by the decisions of this court and the Supreme Court; but they attempted to ground error upon the proposition of law that judges in writing opinions, and authors in writing textbooks, in defining propositions of law, express themselves in language wholly unsuited for the purpose of instruction to juries. We have examined the charges of the court with reference to this particular proposition ·of law. This proposition of law has been applied to justify the refusal of charges, but we have not been able to find any case in which the trial court would be put in error for charging a correct proposition of law, although it might not be strictly applicable to the case on trial, unless the natural tend-·ency of such charge is to mislead the jury. We do not find any part of the oral charge, or any one of the requested charges which ·were refused by the trial court, which could be said to possess such erroneous or misleading tendencies as to justify a reversal. As before stated, when the charges upon this theory, oral and written, are considered to-gether, they are even more favorable to the accused than he had a right to ask.

[11, 12] It is next insisted by counsel for appellant that the court committed reversible error in permitting Mrs. Delchamps, a witness for the state, to testify as to a conversation between her and the accused, after the commission of the crime, but before the trial. There was clearly no error in the ruling of the trial court in admitting this testimony. The testimony itself, the very nature and character of it, show that it was a voluntary statement and act on the part of the accused. It was not a confession at all, it was an attempt on the part of the accused to soften or ameliorate the testimony of the state's witness against him. Fincher's Case, 211 Ala. 388, 100 So. 657. It is true that the witness admitted that she had sworn differently on different trials. This being true, the witness had a right to explain this conflict or contradictory statement. The effect of this testimony was to show that the defendant himself was responsible for this contradiction, in that he had voluntarily approached the witness and asked her to make her testimony as light for him as she could and that she promised him she would. Consequently, there was no error in the admission of this testimony of Mrs. Delchamps. It is a well-settled rule of evidence in this state that a witness who is shown to have made contradictory statements may give his reasons for so making such statements. Johnson's Case, 102 Ala. 1, 16 So. 99. This is an exception to the general rule that a witness cannot be corroborated by statements of the witness made at other times and places. This testimony of Mrs. Delchamps to which the objection of the defendant was interposed did not attempt to show guilt or innocence of the defendant. It did not relate to a confession. It was an attempt upon the part of the defendant to coach the witness of the state—for this reason, was admissible.

[13-18] It is unnecessary to treat severally and separately the charges which were requested by the defendant and refused by the court. Suffice it to say that the refusal of no one of them or of all of them together was reversible error. The court, either in its oral charge or in the requested charges which were given, had fully and correctly charged the law of the case which was involved in any one of the refused charges. Each one of the charges that could be said to state a correct proposition of law was either fully covered by the oral or written charges of the court which were given. A part of the charges were properly refused because they requested an acquittal upon failure of proof to establish one theory of the case. In fact, a number of them requested the acquittal unless the jury were satisfied beyond a reasonable doubt of the proof of a conspiracy. As we have stated

before, there was ample evidence to carry the question to the jury as to whether or not the deceased was killed by the defendant himself. These charges were no doubt asked upon the theory that there was no evidence to show that the deceased was killed by the defendant in person. Many of the charges complained of were properly refused because they requested the court to charge the jury that there was no evidence of a particular fact in the case. This court and the Supreme Court have repeatedly ruled that the trial court was under no duty to give charges in civil or criminal cases which asserted that there was no evidence of a specific fact or state of facts. Anderson' v. State, 160 Ala. 79, 49 So. 460; Morrison v. State, 155 Ala. 115, 46 So. 646. Some of the charges single out part of the evidence, thereby giving undue prominence or stress to a part of the evidence. Some of the charges unduly accentuate certain parts or phases of the evidence, and were therefore properly refused. Birmingham Co. v. Lee, 153 Ala. 386, 45 So. 164; L. & N. R. R. Co. v. Price, 159 Ala. 213, 48 So. 814. Some of these charges requested a verdict for the defendant by ignoring certain issues or predicating the acquittal upon one issue alone when the defendant might be guilty and so found under other issues. Seawright v. State, 160 Ala. 33, 49 So. 325. Some of the charges refused wholly ignored the effect or tendencies of certain parts of the evidence. Some of them predicated an acquittal based upon a part of the evidence alone. Rigsby v. State, 152 Ala. 9, 44 So. 608; Stallworth v. State, 155 Ala. 14, 46 So. 518.

[19-22] It was not at all necessary that the court should require the jury to specify under which count they found the defendant guilty. The jury had a right to return the verdict which they rendered without specifying as to each count. It is well settled in this state that a general verdict under an indictment charging several offenses will be supported, if the sentence or punishment is not greater than that imposed for one offense. Samson's Case, 107 Ala. 76, 18 So. 207. If the indictment contains two or more counts, one of which is sufficient, and a general verdict of guilty is returned, it will be referred to the good count. May v. State, 85 Ala. 14, 5 So. 14. A general verdict under an indictment containing several counts is good where there was but one, offense alleged. Owens v. State, 104 Ala. 18, 16 So. 575; Towns v. State, 111 Ala. 1, 20 So. 598; Kilgore v. State, 74 Ala. 1.

We have searched the record carefully for errors, and we find none which were prejudicial to the defendant or which would justify the reversal of the verdict and judgment. We deem it unnecessary to discuss any of the other questions. They are either fully covered by what we have said, or they so are clearly without merit as not to justify a discussion. Finding no error to justify a reversal, the judgment of the trial court must be affirmed.

Affirmed.