## SOUTHERN EXPRESS COMPANY *vs.* CROOK.

[ACTION AGAINST EXPRESS COMPANY, AS COMMON CARRIER, FOR DAMAGES FOR FAILURE TO DELIVER COTTON.]

1. *Common carriers; when express companies are.*—Express companies who are engaged not only in the transportation of small parcels, packages, and articles of value, properly so-called, but also in the carriage of goods, wares and merchandise, and of the great staples and products of the country, are common carriers, and subject to the liabilities imposed by law upon such persons.

2. *Same, liabilities of; how may be limited by special contract.*—Their liabilities may be reasonably limited by special contract, but public policy will not permit common carriers, even by special contract, to be exempted from damages for losses occasioned by the negligence or misfeasance of themselves, or their servants.

3. *Same, general notices in relation to; when operative.*—General notices, in relation to the liabilities of common carriers, are of no avail unless reduced to the form of a special stipulation, and signed by the party sending the goods, or be so brought home to his knowledge as to show his assent thereto, and be also just and reasonable.

4. *Same, printed receipts limiting liability, if no value is named in; when will be liable notwithstanding.*—The printed receipts, generally given and used by common carriers, containing conditions limiting their liabilities to a certain sum, unless the value of each package is named and stated therein, will not exempt them from liability for the value of packages lost by the negligence or fraud of themselves or their agents.

5. *Same, statement of value of package; when will be presumed to be waived.*

If the size or appearance of a package fairly indicates that its value is greater than the sum so named, the carrier will be presumed to waive the necessity of stating a value, unless the attention of the shipper is called to the conditions, and the value of the package is required to be given.

6. *"Package;" what is not, in legal contemplation.*—Bales of cotton, in legal contemplation, are not packages, within the meaning of that word, as commonly understood when used in such receipts. Nor are they articles, the value of which is necessary to be stated to enable the carrier to understand the extent of his responsibility, or the care which should be observed in their transportation, or the sum to be charged for their carriage.

7. *Charge to jury; what should be refused.*—A charge that seems to put upon the jury the determination of a question which, on the evidence, more properly belongs to the court, should be denied.

8. *Actions ex-contractu or ex-delicto; what form sufficient in either case.*— Under our system of pleading and practice, a complaint in the form given in the Revised Code against a common carrier, is sufficient to authorize a recovery, whether the cause of action be *ex-contractu* or *ex-delicto*.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. B. L. WHELAN.

This was an action by the appellee, Crook, against the Southern Express Company, as a common carrier, to recover damages for the failure to deliver two bales of cotton which defendant undertook to carry from Blue Mountain to Selma, and there deliver to Williams & Boyd, as agents for the plaintiff. The complaint is in the form given in the Revised Code for complaint against a common carrier.

No pleas appear to have been filed. On the trial in the court below, the plaintiff introduced the following receipt, executed by the agent of said company at Blue Mountain:

"SOUTHERN EXPRESS COMPANY,

"Blue Mountain, Jan'y 29, 1866.

"Received of W. P. Crook two bales of cotton, (valued at .......... dollars, and for which amount the charges are made by said company,) marked (W. P. C., and shipped to Williams & Boyd, Selma,) which it is mutually agreed is to be forwarded to our agency, nearest or most convenient to the destination only, and there delivered to other parties to complete the transportation. It is further

agreed, and is part of the consideration of this contract, that the Southern Express Company is not to be held liable or responsible for the property herein mentioned, for any *loss* or *damage* arising from the dangers of railroad, ocean, steam or river navigation, leakage, fire, or from any cause whatever, except the same be proved to have occurred through the fraud or gross negligence of its agents or servants, unless specially insured by it and so specified in this receipt, which insurance constitutes the limit of the liability of the Southern Express Company in any event; and if the value of the property above described is not stated by the shippers at the time of the shipment and specified in the receipt, the holder hereof will not demand of the Southern Express Company a sum exceeding fifty dollars for the loss, or detention of, or damage to each package herein receipted for. Nor shall said company be responsible for the safety of said property after its arrival at its place of destination. All articles of glass, or of liquids, will be taken at shipper's risk only, and the shipper agrees that the company shall not be held responsible for any injury or loss by breakage, leakage, or otherwise.

" For the company,

C. GLOVER."

" Freight............C.

" Charges on value...$ "

All the parts of the receipt, except the articles, name of consignee, destination, and signature of agent, were printed.

The failure to deliver the cotton at Selma, its delivery to a stranger, and a demand before suit, and the value of the cotton, and its weight in January, 1866, were proved by the plaintiff. The defendant offered no evidence.

" On this state of proof, the court charged the jury, that if they believe from the evidence that two bales of cotton were delivered by the plaintiff to the defendant, to be delivered by the defendant to Boyd & Williams, as agents of the plaintiff in Selma, and if said cotton was lost by the gross negligence of the agents of the defendant, then the plaintiff is entitled to recover the value of said cotton, at the time it was so lost, with interest thereon." To which charge defendant excepted.

At the request of the plaintiff, the court charged the jury as follows : " If the defendant was a common carrier, and received two bales of cotton from the plaintiff on January 29th, 1866, to be carried to Selma and there to be delivered to Williams & Boyd for a reward, and the defendant carried the cotton to Selma, and there, on the 30th of January, 1866, delivered it to Monks, Edwards & Co., and thereby said cotton was lost to the plaintiff, then the plaintiff is entitled to recover the value of the cotton on the 30th day of January, 1866, and interest thereon to the present time." To which charge defendant excepted.

The defendant then asked the following charges in writing to be given to the jury :

" 1st. If the jury believe from the evidence that at the time of the shipment of the two bales of cotton, mentioned in the receipt, no value was put upon the cotton and expressed in said receipt, then the plaintiff can not recover more than $50 for each package, if the same are lost.

" 2d. The terms of the receipt in evidence do not fix on the defendant, in this case, the liabilities of common carriers, and if the cotton was delivered to defendant upon said contract, (as expressed in the receipt,) and was lost by being delivered to the wrong person, the plaintiff can not recover in this action.

" 3d. If the defendant was not a common carrier in the receipt of this cotton, then the plaintiff is not entitled to recover in this action."

The court refused to give all or any of the charges, and the defendant duly excepted.

The charges excepted to, and the refusal to give the charges asked, are now assigned for error.

MORGAN & LAPSLEY, for appellant.—1. Carriers can certainly limit and qualify their liability.—*M. & O. R. R. Co. v. Hopkins*, 41 Ala. 486 ; *York v. Central R. R. Company*, 3 Wallace, 108.

2. They can limit and qualify their liability by stipulations requiring shippers to disclose value of package, and contract *specially for the amount of responsibility.*

This proposition is sanctioned by reason and common sense, for—

1st. Every contracting party has a right to know the extent and amount for which he is binding himself;

2d. Unless he *knows* the amount of his liability, he can not be said to *consent* to it;

. 3d. Unless express and other carriers *can demand* specification of value, they are liable to be imposed on, because they are bound to take what is offered.

It is sanctioned by many and high authorities for a hundred years back. Lord Mansfield, in *Gibbon v. Paynton*, (4 Burrow, 230,) says, " *that carriers are only bound for what they are fairly told of.*" This was decided in the absence of special contract such as we have in this case. See, also, the following: 2 Greenl. Ev. § 215; *Clarke v. Gray*, 6 East, 563; *Clay v. Willan*, 1 H. Blackstone, 298; *Orange Bk. v. Brown*, 9 Wend. 115; Selwyn, Nisi Prius, vol. 1, Am. Notes, page 420, note 1; *Nevins v. Bay St. Bk. Co.*, 4 Bosw. 232; Redf. on Carriers, p. 52, note 10, citing cases; Angell on Carriers, p. 250; *Bowman v. Am. Ex. Co.*, 21 Wis. 152.

3. Wherever special contract exists, changing the character of a carrier from a common to a private carrier, the latter can not be declared against as a common carrier; but the action must be on the special contract or for a breach of duty arising out of such contract. The above is a quotation from Story on Bailm., § 551, p. 548, (citing 26 Verm. 248; 13 Ad. & Ellis, (N. S.) 347; 5 Eng. Law & Eq. 329.) See, also, *York v. Central R. R.*, 3 Wallace, 107.

This was a special contract, and, therefore, the express company ceased to be common carriers and became as private bailees for hire—and should have been so declared against. The third charge asked by defendant and refused by the court, should have been given.

4. If it is sought to charge the express company for negligence, then, again, we say the form of action is wrong. They should have brought an action in form *ex-delicto*, or at any rate, the complaint should have alleged negligence or some misconduct on part of the company or its agents or servants.—See Redf. on Negligence, p. 12, note 3; *Nee-*

*dles v. Howard*, 1 E. D. Smith, 58; *Weed v. Saratoga R. R.*, 19 Wend. 534.

JOHN T. HEFLIN, and PETTUS & DAWSON, *contra.*

[Appellee's brief did not come into Reporter's hands.]

PECK, C. J.—Express companies were originally formed for the purpose of carrying and transporting, mainly, money, treasure, and other valuables, and the value, rather than the weight or size of the parcel or package, was looked to in determining the price to be charged for the transportation, and the risk thereby incurred.

There was, therefore, great propriety in having the value of the articles known, that the carrier might understand the extent of his responsibility, and also have some reasonable data to govern him, as to the compensation to be charged for the care and dangers he took upon himself.

Of late years, however, these companies have greatly increased in number, and in the nature, character and extent of the business in which they are engaged.

They are now competitors and rivals with the other great transportation enterprises of the day, and are engaged not only in the transportation of comparatively small parcels and packages, and articles of value, properly so-called, but also in the carriage of goods, wares and merchandise, and of the great staples and products of the country.

Consequently they have become, in every just sense of the term, common carriers, and must be held to the liabilities that the law imposes upon such persons.

These liabilities, it is well understood, may be *reasonably* limited by special contract, but public policy will not permit a common carrier, in this way, to be exempted from damages for losses occasioned by the negligence or misfeasance of himself, or of his servants.—*Mobile & Ohio R. R. Co. v. Hopkins*, 41 Ala. 486.

In a note on page 302, 1 vol. Redfield on Railways, it is said, "mere general notices in regard to the liabilities of

31

carriers are of no avail, unless reduced to the form of special stipulations, and signed by the party sending the goods, and be also, in the opinion of the court before whom the case shall be tried, just and reasonable."

In the present case, the action is brought to recover damages for the loss of two bales of cotton.

The defendant's agent, at the time of the shipment, gave to the plaintiff, the appellee in this court, a receipt, consisting of a printed form, and filled up and signed by said agent.

The cotton was shipped at Blue Mountain, and was to be delivered in Selma to plaintiff's consignees, named therein.

The following portion of said receipt is found in the printed part thereof, to-wit: "It is further agreed, and is part of the consideration of this contract, that the Southern Express Company is not to be held liable or responsible for the property herein mentioned, for any loss or damage arising from the dangers of railroad, ocean, steam or river navigation, leakage, fire or any other cause whatever, except the same be proved to have occurred through the fraud or gross negligence of its agents, or servants, unless specially insured by it, and so specified in this receipt, which insurance constitutes the limit of the liability of the Southern Express Company, in any event; and if the value of the property above described is not stated by the shipper, at the time of shipment, and specified in this receipt, the holder hereof will not demand of the Southern Express Company a sum exceeding fifty dollars for the loss or detention of, or damage to each package herein receipted for, nor shall said company be responsible for the safety of said property after its arrival at its place of destination. All articles of glass, or of liquids, will be taken at the shipper's risk only, and the shipper agrees that the company shall not be held liable for any injury or loss, by breakage, leakage, or otherwise."

It does not appear that the attention of the shipper was drawn to the printed parts of said receipt, which have reference to many matters in no wise connected with the

shipment of the cotton, and if it had, he would not prob‑ably have supposed that by the word packages, bales of cotton were thereby intended to be embraced.

The evidence shows that the cotton arrived in Selma, the place of its destination, and on its arrival the defend‑ant's agent, instead of delivering it to the consignees, named in the receipt, delivered it to a stranger, and thereby it was lost to the plaintiff.

The appellant, the defendant below, insists that as no value was put upon the cotton, and expressed in the receipt, the plaintiff could not recover more than fifty dollars a bale for its loss.

In the first place, we hold that bales of cotton are in no proper sense packages, and for this reason it was unneces‑sary to state their value in the receipt.

There is, in our opinion, no more reason in calling a bale of cotton a package than there is in holding a hogshead of tobacco to be so. Packages, as here used, must be inter‑preted to mean small parcels or bundles, whose appearance would give no adequate information of their value to the carrier.

In such cases there would seem to be great propriety in having their value named, to enable the carrier to make a charge answerable to the responsibility he would assume, and, at the same time, inform him of the care required to be taken of them.

Fair dealing and common honesty would seem to require this; but where the appearance of the article, itself, indi‑cates its value, and advises the carrier of the care usually taken in the transportation of such articles, the necessity of having its value stated is not perceived. In such cases the carrier is liable, although nothing is said by the ship‑per about the value. —*Beck et al. v. Evans et al.*, 16 East, 244. It may, no doubt, be safely said that the value of cotton is as well, and, perhaps, as a general thing, better known to the carrier than to the shipper. Its value depends upon the public markets, the knowledge of which is alike open to both parties; there is, therefore, no real danger that any deceit or fraud will, or can be practised upon the carrier.

In such a case, then, if the carrier does not insist upon the statement of a value, we think the fair inference is that he does not consider it to be a package, or that the statement of a value is waived, and, in either case, the shipper should not be prejudiced by the omission.

What would be considered proper care in the transportation of the common products of the country, or of goods and merchandise, packed in the usual way, would be gross negligence in relation to small parcels or packages of value, that might be easily purloined or lost.

In this case the loss was occasioned by the delivery of the cotton to a stranger, at the place of destination, and not to the consignees of the plaintiff, whose names were written in the receipt; the·defendant, therefore, was clearly liable for its loss. Under the circumstances, it seems to us, the delivery of the cotton to a wrong party may well be held to be an act of gross negligence.

The complaint is in the form given in the Revised Code against a common carrier. The trial seems to have taken place without any plea being, in fact, filed.

Under our system of pleading and practice, this form of a complaint is sufficient to authorize a plaintiff to recover against a common carrier, whether the cause of action be ex-contractu or ex-delicto.

The errors assigned are on the charges of the court; the court gave one charge of its own motion, and one at the instance of the plaintiff, to each of which the defendant excepted; and, thereupon, asked the court to give three charges, which were in writing. These charges were refused, and the defendant excepted.

It seems to us the defendant had no cause to complain of the charges given. The first, in substance, told the jury that if the cotton was lost by the gross negligence of defendant's agents, the plaintiff was entitled to recover its value at the time of its loss, and interest on the same. The plaintiff might well have objected to this charge, as it made his right to recover to depend upon gross negligence, which was clearly wrong.

The charge, given at plaintiff's instance, asked the court to instruct the jury, that if the cotton arrived in Selma, the

place of destination, and was there delivered to the firm of Monk, Edwards & Co., and not to his consignees, to whom it was shipped, and thereby it was lost, the plaintiff was entitled to recover the value of the cotton, and interest on the same to the day of the trial; there is no error in this charge. The defendant, by the express stipulations of the receipt, was bound on the arrival of the cotton to deliver it to the plaintiff's consignees. It was delivered to other parties, without showing any authority for such a delivery, and, thereby, the plaintiff lost the cotton; this, unquestionably, rendered the defendant liable for its value.

By the first charge asked, the defendant sought to avoid a liability, because the value of the bales were not mentioned in the receipt. This, as we have before stated, was unnecessary, for the reason that bales of cotton are not packages within the meaning of that word, as used in the receipt; and, for the further reason, that a bale of cotton is an article that sufficiently indicates it value, without any thing being said about it.—*Beck et al. v. Evans et al. supra.*

The second charge asked and refused is, in effect, that the terms of the receipt did not fix on the defendant the liabilities of common carriers, and if the cotton was received by defendant upon said contract, and was lost by being delivered to a wrong person, the plaintiff could not recover in this action.

We hold that the receipt alone, taken in all its parts, was sufficient to justify the jury in finding the defendant to be a common carrier. In addition to the corporate name of the defendant, the receipt, we think, can not be read without leading to the clear inference that the defendant was engaged in a general business of transportation for hire; this would make him a common carrier.—Story on Bailments, § 496.

A common carrier, whose common law liability is limited by an agreement, is, notwithstanding, liable for losses occasioned by his own misfeasance, or that of his agents, as if he, or they, deliver an article to a person not entitled to receive it.—Story on Bailments, § 570, and *Beck et al. v. Evans et al.*, 16 East, *supra.* And a recovery may be had

in such a case, under a complaint in the form given in the Revised Code.

The third charge asked was rightly denied. It seems to put upon the jury the determination of a question, that, on the evidence, more properly belonged to the court; it would have required the jury to determine the legal effect of the receipt. We think the fair construction of the receipt fixed the character of the defendant to be that of common carrier, and its construction, as to that question, was properly for the court, and not the jury.

There seems to be no error in the proceedings of the court below, and its judgment is affirmed, with five per cent. damages. The appellant will pay the costs of this court and the court below.