S. ROSENSTEIN, Appellant, *v*. MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

November 11, 1884.

CARRIERS — BILLS OF LADING — CONTRACTS. — Seventy thousand pounds of corn in bulk is not a "package" within the meaning of a printed clause in a bill of lading restricting the carrier's liability for the loss of packages.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and judgment.*

VIRGIL M. HARRIS, for the appellant: The word " package,' as used in the bill of lading, is not applicable to corn in bulk. — *McCoy* v. *Transportation Co.*, 42 Md. 499 ; *Express Co.* v. *Crook*, 44 Ala. 468 ; *Bascowitz* v. *Express Co.*, 93 Ill. 523.

BENNETT PIKE, for the respondent: A common carrier may, by contract, limit its common-law liability. — *Read* v. *Railroad Co.*, 60 Mo. 199; *Snyder* v. *Express Co.*, 63 Mo. 376.

BAKEWELL, J., delivered the opinion of the court.

The petition alleged that defendant was a corporation organized under the laws of the State of Missouri, and that at the time of the several transactions complained of, defendant was a common carrier of goods, chattels, and merchandise from the town of Charleston, in the State of Missouri, to the city of New York, in the State of New York. That on the 15th and 16th days of November, 1882, defendant, as common carrier aforesaid, received from plaintiff, at the town of Charleston, Mo., nineteen hundred and eighty-two bushels of bulk corn, to be carried by defendant to New York, and undertook and agreed with plaintiff to safely transport, and within a reasonable time deliver said corn at the city of New York. That defendant failed and neglected to perform its duty as a common carrier in the transportation of said corn, in this : that said defendant failed and neglected to provide the necessary facilities for transportation, and to use due . diligence therein; and that by reason of said failure and neglect, the said corn was greatly and unreasonably delayed in transit, to the great loss and damage of plaintiff, in this: that had defendant provided the necessary facilities and used due diligence in performing its duty as a common carrier in transporting said corn, it would have been

delivered in New York by the 25th of November, 1882, but that by reason of such wrongful neglect said corn was not delivered in New York until about January 1st, 1883 ; that during such time of unreasonable detention so caused by defendant's negligence, said corn depreciated in value in the city of New York in the sum of five hundred dollars.

Defendant filed an amended answer denying each and every allegation in said petition, and setting out a special contract whereby and wherein it was agreed that for all loss or damage occurring in the transit of said corn, the legal remedy should be against the particular carrier only in whose custody the said corn should actually be at the time of the happening thereof, it being understood that defendant assumed no other responsibility than might be incurred on defendant's own road ; and that said defendant performed all the conditions of said contract on its part ; and that whatsoever damage occurred to plaintiff in consequence of delay and negligence was occasioned by delay and negligence on the lines of other carriers, to whom delivery was made by defendant to complete the transit to New York.

Plaintiffs filed a replication denying each and every allegation in said answer contained.

The case was submitted to the court on an agreed statement of facts, as follows : —

" The parties to this action, by their respective attorneys of record, submit this cause to the court and agree on the facts below set forth, saving objections as to irrelevancy and incompetency.

" That defendant, a common carrier, on the 15th and 16th days of November, 1882, received from plaintiff, at Charleston, Mo., five cars of bulk corn, making an aggregate of nineteen hundred and eighty-two bushels, to be transferred from the town of Charleston, in the State of Missouri, to the city of New York, in the State of New York, issuing therefor to plaintiff its two certain bills of

lading, copies of which are hereto attached and made part of this statement.

" That there was an unreasonable delay in the transportation of said corn from the town of Charleston to the city of New York.

" That there was no delay upon defendant's road, but there was upon the line of defendant's connecting carriers, to whom defendant delivered the corn in question to complete the transit from Charleston to New York.

" That by reason of the negligence and delay on the line of defendant's connecting carriers, plaintiff sustained a loss and damage of twenty-one cents per bushel on said corn.

" That the freight charges for the entire route from Charleston to New York were paid by plaintiff to defendant's agent.

" That by reason of the delay and negligence on the line of the defendant's connecting carriers, plaintiff was put to an extra expense of twenty-eight dollars and fifty-seven cents ($28.57).

" That demand of payment of defendant by plaintiff was made on the 15th day of January, 1883, for the loss and damage incurred by plaintiff in the unreasonable delay in the shipment of grain in question.

" That no part of the amount claimed by plaintiff has ever been paid to plaintiff.

" That defendant is a corporation doing business in the State of Missouri, and organized under the laws of Missouri."

The face of the first bill has upon it, in writing and in print, the following words and figures, to wit : —

" [Form 1165.]

        " THE MISSOURI PACIFIC RAILWAY,
    " ST. LOUIS DIVISION IRON MOUNTAIN RAILWAY.

" Received at Charleston, Mo., Station, November 15, 1882, from Sol. Rosenstein & Co., the following articles in

apparent good order and condition (excepted as noted below), to be forwarded to Stillwell, Winslow & Co., at New York, N. Y., under the conditions and exceptions printed upon the back of this receipt.

| "MARKS. | ARTICLES. | WEIGHT SUBJECT TO CORRECTION. |
|---|---|---|
| "O. & M. 3544. | Bulk Corn. | 22,910. |
| O. & M. 2079. | "      " | 22,190. |
| O. & M. 2413. | "      " | 22,275. |

"The second bill is the counterpart of this one in form."

Among other exceptions on the back of the bills of lading is one in words as follows: —

"It is further especially understood that, for all loss or damage occurring in the transit of said packages, the legal remedy shall be against the particular carrier only in whose custody the said packages may actually be at the time of the happening thereof, it being understood that the Missouri Pacific Railway Company, in receiving the said packages to be forwarded as aforesaid, assumes no other responsibility for their safety or safe carriage than may be incurred on its own road."

The plaintiff prayed the four following declarations of law, which the court refused to give: —

1. "The court declares that under the law and the facts plaintiff is entitled to recover.

2. "The court declares the law to be that a common carrier in this State will not be permitted to contract against its own actual negligence or that of its agents, servants or employes.

3 "The court declares the law to be that when a common carrier contracts to carry merchandise for an entire route, consisting of several roads, it will not be permitted

to stipulate from liability beyond the terminus of its own line.

4. " The court declares the law to be that whenever any property is received by a common carrier, to be transported from one place to another, within or without this State, or when a railroad or transportation company issues receipts or bills of lading in this State, the common carrier or railroad company or other transportation company issuing such bills of lading or receipts shall be liable for any loss, damage, or injury to such property, caused by its negligence or the negligence of any other common carrier, railroad, or transportation company to which said property may be delivered, or over whose line such property may pass."

The court, of its own motion, gave an instruction to the effect that on the facts stated in the agreed case plaintiff can not recover. Plaintiff took a non-suit with leave, and the trial court refused to set the non-suit aside.

The only question presented by the record, or which has been urged upon our attention by counsel, is, whether the acceptance of the bill of lading by plaintiff relieved the defendant from the liability which the statute imposes upon it for the negligence of the railroad company other than defendant over whose line the goods in question passed on their way to their destination.

The intention to waive the terms of the statute, on the part of the shipper, is not clear. By no fair construction can the word " package " be made to apply to corn in bulk. A package is a bundle put up for transportation or commercial handling. *The United States* v. *Goldback*, 1 Hughes, 530. It is said a bale of cotton may be, in some sense a package. *Lamb* v. *Railroad Co.*, 2 Daly, 480. But it is held that it is not a package within the meaning of the word as used in receipts, such as the one before us for construction. *So. Ex. Co.* v. *Crook*, 44 Ala. 468. In *McCoy* v. *E. & W. Transp. Co.* (42 Md. 499), it is held that the word " package," in a similar exemption

clause in a bill of lading, can not be held to apply to corn in bulk.

How far it is competent for a railroad corporation to exempt itself from the operation of the statutory provision under consideration in this case, by providing an exemption on the back of its bills of lading, and what consideration there was in the case before us to support such an exemption are questions that we need not now discuss. It is enough that we are clearly of the opinion that if it was the intention of the carrier in the present case to exempt himself from liability for negligence of the other carrier on the connecting line to whom he delivered the goods, he should have done so in clear and distinct terms. The shipper in the present case might well suppose that the clause as to packages on the back of the receipt taken by him did not apply to his corn in bulk.

This being so, it does not appear why the petition does not state a good cause of action, nor why, upon the pleadings and agreed statement, the plaintiff was not entitled to recover. The judgment is therefore reversed, and judgment will be entered here for plaintiff.

Judge THOMPSON concurs. Judge LEWIS is absent.