# Cobb & Marston *v.* McKenzie.

### *Assumpsit.*

(Decided January 23, 1913.  60 South. 943.)

1. *Charge of Court; Amount of Recovery.*—A charge which positively instructed the jury to find for the plaintiff for an amount in excess of that claimed in the complaint, was properly refused.

2. *Same; Submitting Question of Law.*—A charge which in effect, submitted to the jury the construction of a written contract or option between the parties, was properly refused.

3. *Same.*—The rule is that charges should be complete in themselves and not refer to the jury written documents requiring an investigation to determine the meaning of the charge, and a charge violating the rule is properly refused.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by Cobb & Marston against S. F. McKenzie. From a judgment for plaintiff awarding insufficient relief, plaintiff appeals. Affirmed.

ERWIN & McALEER, for appellant. The word "sold" includes a contract or obligation to sell.—7 Words & Phrases, 6540; 20 Am. Dec. 670. A vendee in possession under a contract of sale, is the owner of land.— *Com I. Co. v. Ryals,* 169 Ala. 517; *Loventhal v. Home I. Co.,* 112 Ala. 108. When a contract binding an owner of real estate has been executed, the agent becomes entitled to his commissions.—5 N. Y. Supp. 188; 116 S. W. 582. Where an agent has sole authority to sell for a given term under an agreement that if the owner sells he will pay the commission, the agent becomes entitled to his commission if the owner makes a binding agreement pending the time.—28 Pac. 101; 5 N. Y. 188. Therefore, the charges requested should have been given.

LESLIE HALL, for appellee. In awarding damages the jury cannot go beyond the amount claimed in the complaint.—*B. R., L. & P. Co. v. Lee,* 153 Ala. 386; *K. C. M. & B. v. Thornhill,* 37 South. 419; *C. & O. R. R. Co. v. Wood,* 7 Ky. L. Rep. 520. The court should not submit to the jury a question of law. Hence, there was no error in refusing the charges requested.

PELHAM, J.—The appellants brought suit in the trial court to recover of the appellee the sum of $3,400 alleged to be due as a commission in connection with the sale of certain lands. There was a jury and verdict for the plaintiffs for $15, and the plaintiffs prosecute this appeal, assigning as error the refusal of the court to give the following charge: "The court charges the jury that, if they believe the evidence, they must find for the plaintiffs for 5 per cent. of the sum named in the contract between defendant and John A. Campbell as the consideration for the sale of the lands to said Campbell."

This charge is a positive instruction requiring the jury to find for the plaintiff in an amount more than $100 in excess of the amount claimed in the complaint; and the court cannot be put in error for refusing to instruct the jury to return a verdict in plaintiff's favor in an amount greater than that claimed in the complaint, in an action of this kind.—*B. R., L. & P. Co. v. Lee,* 153 Ala. 386, 45 South. 164; *K. C., M. & B. R. Co. v. Thornhill,* 141 Ala. 215, 37 South. 412.

The charge in this case in effect really referred the construction of a written contract or option to the jury. There was no sum named in this contract, as stated in the charge, and the amount could only have been ascertained by calculation and construction of the instrument. This contract was given for a stated consid-

[Cobb & Marston v. McKenzie.]

eration of $1,000, and provided for a deduction of this sum from one of the payments to be made on the purchase price under certain contingencies provided for in the option. Further provisions were made for the payment of a stipulated price per acre, with conditions as to cash and deferred payments, making a deed, etc. The construction of a written instrument should never be referred to the jury.—*Southern Express Co. v. Crook,* 44 Ala. 468, 4 Am. Rep. 140; *Claghorn v. Lingo,* 62 Ala. 230; *Bernstein v. Humes,* 60 Ala. 582, 31 Am. Rep. 52.

Charges should be complete in themselves (*L. & N. R. R. Co. v. Young,* 168 Ala. 551, 53 South. 213), and not refer the jury to the pleadings or written documents in the case, and devolve upon the jury an investigation of such pleadings or documents to determine the meaning or effect of the charge and the finding to be made in obedience to it. Such charges, when given, may not constitute reversible error; but they should not be given, for they are confusing and have a misleading tendency. Certainly their refusal is not reversible error.—*Lewry Art Co. v. Agricola,* 169 Ala. 60, 53 South. 145; *W. U. Tel. Co. v. Northcutt,* 158 Ala. 539, 48 South. 553, 132 Am. St. Rep. 38; *Ala. Gt. So. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84; *So. Ry. Co. v. Hobbs,* 151 Ala. 335, 43 South. 844.

The charge requested was properly refused, and the case will be affirmed.

Affirmed.