NAT COHEN et al., Doing Business as WOODBINE COAT Co., Plaintiffs, v. COHEN-HURWITZ TRUCKING CORP., Defendant.

City Court of the City of New York, Trial Term, New York County, April 14, 1952.

*Bigham, Englar, Jones & Houston* for plaintiffs.

*Ben F. Raines, Edwin Stephen Schweig* and *Julius November* for defendant.

COLEMAN, J. Is a rack from which a large number of coats hang a package? The defendant, seeking to limit its liability for coats which were lost while in its possession as a common carrier, says that it is. I cannot agree.

The shipment was made in this manner: Plaintiffs, manufacturers of coats, delivered a large number of coats to the defendant to be transported by the latter to four separate stores. The coats were accepted from the shipper at the sidewalk. The coats, each on a separate hanger suspended from a rack, were transferred from the shipper's racks to racks of the defendant which were then placed in the defendant truck. The shipping receipt states that the liability of the carrier, " shall not be greater than $50. per package unless a higher valuation is declared at the time of shipment ". No valuation was declared by the plaintiff at the time of shipment. The receipt itself says nothing of racks or of packages. It refers merely to the number of coats, there being four separate items.

The case, it seems to me, can be disposed of by the short statement that there was no package at all and that the clause limiting liability never came into operation. Whether we accept the dictionary meaning of package, or the meaning as used in decisions, the result is the same. Package connotes packing, and that denotes bundling or tying, or placing into a container of some sort or other.

There is certainly nothing of the kind here. There was no more packing than there is when similar merchandise suspended from racks or bars is transported from place to place on small hand trucks — a common sight in certain areas of the city. We may as well say that the truck itself, being the only container, was the package, but that would be as extravagant as saying that a tank of an oil tanker containing bulk oil is a package (cf. the suggestion in *The Bill,* 55 F. Supp. 780, 782); or that a freight car containing bulk corn is a package (*Rosenstein* v. *Missouri Pacific Ry. Co.,* 16 Mo. App. 225).

There will be judgment for the plaintiff for $2,820, the value of the shipment.